**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff-Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-03-403(1) |
| | § | C.A. No. C-05-173 |
| SALVADOR RIOS-RAMIREZ, JR., | § | |
| Defendant-Movant. | § | |

**MEMORANDUM OPINION AND ORDER DISMISSING**
**MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE**
**AND ORDER DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court is Salvador Rios-Ramirez, Jr.'s ("Rios-Ramirez") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (D.E. 15),[1] which the Court deems filed as of March 24, 2005.[2] The Court concludes that it is not necessary to order a government response because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the movant is not entitled to relief." Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS. For the reasons set forth below, the Court DENIES Rios-Ramirez's motion. Additionally, the Court DENIES Rios-Ramirez a Certificate of Appealability.

---

[1] Docket entry references are to the criminal case, Cr. C-03-403.

[2] Rios-Ramirez's motion was received by the Clerk's office on April 11, 2005. It was executed, however, on March 24, 2005, and that is the earliest date that it could have been delivered to prison authorities for mailing. A motion by a *pro se* prisoner is deemed filed at the time it is provided to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 276 (1988); see also United States v. Young, 966 F.2d 164, 165 (5th Cir. 1992)(providing benefit of Houston v. Lack to *pro se* prisoner in § 2255 proceedings). Thus, the Court deems the motion filed as of March 24, 2005.

## I.  JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

## II.  FACTS AND PROCEEDINGS

On December 18, 2003, Rios-Ramirez was charged in a one-count indictment with knowingly and intentionally possessing with intent to distribute approximately 42 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D). (D.E. 1).  On January 29, 2004, he pleaded guilty to the charge.  (D.E. 7).  There was not a written plea agreement.  (See D.E. 7).

On April 15, 2004, Rios-Ramirez was sentenced by this Court to forty-seven months in the custody of the Bureau of Prisons, to be followed by a three-year supervised release term.  The Court also imposed a fine of $50 and a special assessment of $100.  (D.E. 12, 13).  Judgment was entered on April 26, 2004.  (D.E. 13).  Rios-Ramirez did not appeal.

Instead, on March 24, 2005, Rios-Ramirez filed the pending motion for relief pursuant to § 2255.  (D.E. 15).  It is timely.

## III.  MOVANT'S ALLEGATIONS

In his motion, Rios-Ramirez asserts only one ground for relief.  Specifically, he claims that his Sixth Amendment rights were violated when the Court enhanced his sentence based on facts not admitted by him or found by a jury, but instead found by the Court utilizing a preponderance of the evidence standard.  (D.E. 15 at 5).  He relies for support on the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005).  As discussed in detail herein, because the Court concludes that Booker is not retroactively applicable on collateral review, Rios-Ramirez is not entitled to relief.

## IV.  DISCUSSION

2

A.      **28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996).  "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."  United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992).  "[A] collateral challenge may not do service for an appeal."  United States v. Frady, 456 U.S. 152, 165, 102 S. Ct. 1584, 1593 (1982).

B.      **Procedural Bar**

Rios-Ramirez's ground for relief is an argument that should have been raised on direct appeal. Because he failed to appeal, the argument is procedurally barred from consideration here.  See United States v. Lopez, 248 F.3d 427, 433 (5th Cir. 2001); United States v. Kallestad, 236 F.3d 225, 227 (5th Cir. 2000).  A district court may consider a defaulted claim only if the petitioner can demonstrate either (1) cause for his default and actual prejudice or (2) that he is factually innocent of the crime charged.  Bousley v. United States, 523 U.S. 614, 622, 118 S. Ct. 1604, 1611 (1998); United States v. Jones, 172 F.3d 381, 384 (5th Cir. 1999).  Rios-Ramirez makes no argument that he is actually innocent.  Rather, he presumably relies on the fact that Booker was decided after his time for appealing had expired to establish cause for his procedural default.

The Court need not address whether Rios-Ramirez's claim is procedurally barred, because even if he could overcome his default by establishing cause and prejudice, his claim fails on its merits.

**C.    Booker claim**

The sole issue before the Court is whether Booker provides a basis for providing post-conviction relief to Rios-Ramirez.  For the reasons set forth herein, the Court concludes that Booker does not apply retroactively to cases already final on direct review when it was decided.  Because Rios-Ramirez's conviction was final before Booker was decided, any claim by him based on Booker is subject to dismissal.

**1.    Booker Background**

To explain the Court's conclusions regarding the retroactivity of Booker, some background regarding both Booker and its predecessor, Blakely v. Washington, 124 S. Ct. 2531 (2004), is warranted.  In Blakely, the Supreme Court held that the trial court's sentencing of the state defendant violated his Sixth Amendment right to a jury trial.  Specifically, the court held that Apprendi v. New Jersey, 530 U.S. 466 (2000) and other precedents preclude a judge from utilizing a fact found by him using a preponderance of the evidence standard, in order to impose more than the maximum sentence that could be imposed based solely on the facts reflected in the jury verdict or admitted by the defendant.  Blakely, 124 S. Ct. at 2537-38.  Blakely involved a defendant sentenced in a Washington state court pursuant to Washington's determinate sentencing scheme. See generally id.

Booker addressed Blakely's impact on the federal sentencing guidelines, which are applied in federal criminal cases.  Booker consists of two majority decisions, and several

4

dissenting decisions, and its analysis is somewhat detailed.   At the risk of oversimplifying the decision, however, the holding of Booker was two-fold.  First, in the first majority opinion, the Court held that Blakely applied to the federal guidelines.  As with the sentencing scheme at issue in Blakely, the mandatory nature of the federal sentencing guidelines implicated defendants' Sixth Amendment rights, because the guidelines can require judges to find facts and sentence defendants to more severe sentences than could be imposed based solely on facts found by the jury or admitted in the plea colloquy.  Booker, 125 S. Ct. at 750-51, 756.

In the second majority opinion, the Supreme Court discussed the remedy to be applied in light of its first holding.  The remedy selected by the majority of the justices was to excise certain portions of the guidelines (most notably the provision making them mandatory, 18 U.S.C. § 3553(b)(1), and a provision dealing with appeals from sentencing decisions, 18 U.S.C. § 3742(e)), but to preserve the scheme as a whole.  Booker, 125 S. Ct. at 756-57. As a result, the Court's decision rendered the guidelines "effectively advisory."  Id. at 757.  The court held, however, that district courts are required to consider the advisory guideline sentence when sentencing within the statutory ranges set by Congress.  Id.

For the reasons discussed in the next section of this Order, the Court concludes that relief under Booker is not available on collateral review to a defendant like Rios-Ramirez, whose conviction became final prior to the date Booker was decided, January 12, 2005.

2.      **Retroactivity Analysis**

Neither of the majority opinions states that Booker should be applied retroactively to convictions and sentences that are already final.  Indeed, Justice Breyer's decision concerning the proper remedy indicates that the Court's Booker holdings should be applied "to all cases on direct review." Booker, 125 S. Ct. at 769 (emphasis added).  By implication, then, the statement would

5

appear to preclude application to cases not on direct review, i.e., those in which the convictions and sentences have become final.[3]

Even more pertinent to the issue of Booker and Blakely retroactivity is the Supreme Court's decision in Schriro v. Summerlin, 124 S. Ct. 2519 (2004), handed down the same day as Blakely. In Schriro, the Supreme Court was faced with determining whether its decision in Ring v. Arizona, 536 U.S. 584 (2002), could be applied retroactively on collateral review. Ring, like Blakely, applied the principles of Apprendi. In Ring, the Court held that a jury must find the aggravating facts statutorily required to impose the death penalty. In Schriro, the Court first concluded that Ring was a new rule of procedure (as opposed to a substantive rule), and noted the general principle that new rules of procedure do not apply retroactively. 124 S. Ct. at 2522-23. It then determined that the rule in Ring did not fall within any of the narrow exceptions to the general principle, as set forth in Teague v. Lane, 489 U.S. 288 (1989), including the exception for "watershed rules of criminal procedure" essential to the fairness of the proceedings. Schriro, 124 S. Ct. at 2524-25. It concluded, therefore, that "Ring announced a new procedural rule that does not apply retroactively to cases already final on direct review." Schriro, 124 S. Ct. 2526.

This Court finds the reasoning in Schriro to be persuasive and pertinent here. Like the rule in Ring, the rule announced in Blakely (and extended to the federal guidelines in Booker) is a new rule of procedure, but does not fall within any of the Teague exceptions. Accordingly, Blakely and Booker do not apply retroactively to cases on collateral review.

---

[3]      The Court recognizes, of course, that retroactivity was not an issue in Booker or its companion case, Fanfan, both of which came to the Supreme Court as direct criminal appeals. Thus, the quoted language arguably has no meaning as to Booker's retroactivity in collateral proceedings.

The Fifth Circuit has not yet addressed whether <u>Booker</u> is retroactively applicable on initial collateral review, although it recently held that the Supreme Court has not made <u>Booker</u> retroactive, for purposes of allowing second or successive petitions under 28 U.S.C. § 2255. <u>In re Elwood</u>, __ F.3d __, 2005 WL 976998 (5th Cir. April 28, 2005).  The Second, Sixth, Seventh, and Eleventh Circuits have all addressed the retroactivity of <u>Booker</u> on initial collateral review, however, and have reached the same conclusion as the Court does herein.  <u>See</u> <u>McReynolds v. United States</u>, 397 F.3d 479 (7th Cir. 2005)(concluding that <u>Booker</u> states a new non-watershed procedural rule and does not apply retroactively to criminal cases final before its release); <u>United States v. Humphress</u>, 398 F.3d 855 (6th Cir. 2005)(same); <u>Varela v. United States</u>, 400 F. 3d. 864 (11th Cir.  2005)(same); <u>Guzman v. United States</u>, __ F.3d __, 2005 WL 803214 (2d Cir. April 8, 2005)(same).  Similarly, in a post-<u>Booker</u> decision, the Tenth Circuit rejected a  § 2255 movant's argument that <u>Blakely</u> applies retroactively.  <u>United States v. Price</u>, 400 F.3d 844 (10th Cir. 2005).  In so doing, the <u>Price</u> court utilized reasoning which would be equally applicable to <u>Booker</u>.  <u>See generally</u> <u>id.</u>

Because <u>Booker</u> does not apply retroactively, it does not entitle Rios-Ramirez to relief under § 2255.  His motion is therefore DENIED.

**D.      Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253 (c)(1)(A).  A COA, however, "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 123 S. Ct. 1029, 1039 (2003).  Although

Rios-Ramirez has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA.  See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (it is appropriate for district court to address *sua sponte* issue of whether a COA should be granted or denied, even before one is requested).

To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right ***and*** that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added); see also United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (applying Slack to COA determination in context of § 2255 proceedings). It is unnecessary for the Court to decide whether Rios-Ramirez has stated a valid claim for relief, because he cannot establish the second Slack criterion.  That is, reasonable jurists could not disagree that Booker is not retroactively applicable.  Indeed, every circuit court to have addressed the issue has agreed with the conclusions of this Court on this issue.  Accordingly, Rios-Ramirez is not entitled to a COA.

## V.  CONCLUSION

For the above-stated reasons, Rios-Ramirez's motion under 28 U.S.C. § 2255 is DENIED.

The Court also DENIES him a Certificate of Appealability.


ORDERED this 10th day of May, 2005.


_____
Janis Graham Jack
United States District Judge